## Case No. 5,679.

### GRAIGHLE v. NOTNAGLE et al.

[Pet. C. C. 245.] [1]

Circuit Court, D. Pennsylvania. April Term, 1816.

FOREIGN ATTACHMENT—PROCEEDINGS UNDER, IN PENNSYLVANIA.

1. A foreign attachment may be laid on property in the hands of the plaintiff in the attachment.

2. Form of proceedings under the foreign attachment law of Pennsylvania; and an examination of the practice under the same, and of the principles by which it is regulated.

3. When the garnishee is plaintiff, there is no necessity for a summons, scire facias, interrogatories, or any coercive process, against himself.

[Cited in Smith v. Miln, Case No. 13,081.]

4. Lands are subject to a foreign attachment, in Pennsylvania.

[Cited in Beach v. Fairbanks, 52 Conn. 172.]

5. Mode of proceeding, where there is no garnishee, or when lands are attached.

6. Quaere. Whether under the foreign attachment law of Pennsylvania, it is necessary, that the plaintiff, who has attached the property of the defendant in his own possession, should obtain a judgment, that he retain the property in satisfaction of his debt.

At law.

Lewis Ingersoll, J. R. Ingersoll, and C. J. Ingersoll, for plaintiff.

Mr. Rawle, for defendants.

WASHINGTON, Circuit Justice. This is an action of debt, to recover the amount of a promissory note. The defendants plead, that since the last continuance of this action, a writ of foreign attachment had issued out of this court, against the plaintiff, a subject of France, at the suit of Frederick Montmollin, a citizen of Pennsylvania, assignee of Joseph Coulon, also a citizen of the same state; to answer on a plea of trespass on the case; which writ, was laid and served, on all the goods and chattels, monies and effects of the plaintiff, in the hands and possession of the defendants; with an averment, that the said John J. Graighle, in the said writ of attachment mentioned, and the plaintiff in this cause, are one and the same, and not other or different persons; and, that the said writ of attachment remains in full force, and undetermined. The plea concludes with an averment, and prays judgment of the writ issued in this case, and that the same may be quashed. To this plea there is a general demurrer, and the only question that can arise, is upon the validity of the plea.

The question argued at the bar was, whether a creditor can lay a foreign attachment in his own hands. This question however does not arise on these pleadings, since it does not appear from them, that the Fred-

erick Montmollin, who was plaintiff in the action, and the defendant F. Montmollin are the same persons. In order to have brought this question forward, the plaintiff should have replied to that fact. Nevertheless as it is high time, it being upwards of a century since the foreign attachment law past, that this question should be put to rest; the court deems it proper to express an opinion upon it, at this time. The ordinary proceedings in a foreign attachment, commence with the writ of attachment; which is to be served on the goods and chattels of the debtor, in whosever hands or possession the same may be found; or upon any person, who may be indebted to the defendant in the attachment. Upon the return of the writ, the garnishee is to enter an appearance, which is generally by attorney, unless, under the provisions of the act of assembly of Pennsylvania, a clause of capias is inserted in the writ; in which case he must give bail for his appearance. Judgment by default is then-entered against the defendant, as a matter of course, at the third court after the writ issued; unless he puts in bail. After this, a scire facias issues against the garnishee, to show cause, why the plaintiff should not have execution against him, of the defendant's property attached in his hands. To this writ the garnishee may plead the general issue, nulla bona; or any special matter, tending to show, that the effects in his hand, or the debt due by him to the defendant, ought not to be condemned. If the issue is found against the garnishee, or if he should not appear and plead; judgment is rendered against him, upon which an execution will issue. In aid of this process, the plaintiff may compel the garnishee to answer, on oath, to interrogatories, to be propounded to him; calculated to draw from him a discovery of all the property of the defendant, which he has in his hands, and of the debts which he may owe him. The absurdity of process issuing against the plaintiff in the attachment, at his own suit, his answering his own interrogatories, and being subject to execution, for a debt due to himself; are strongly relied upon to prove, that an attachment cannot be laid, in the hands of the plaintiff in that suit.

There is certainly at first view, great weight in this argument, and unless the difficulties upon which it is founded, can be removed, by a fair and reasonable construction of the acts of assembly, it must prevail. It may however be observed, that there are strong reasons for believing, that the exclusion of a creditor holding in his hands the property of his debtor, from the benefit of the attachment law, was not in the contemplation of the legislature. The law is remedial, and the words of it general, extending the remedy to all creditors, without distinction; and it would seem strange, that the only person who cannot obtain justice, against a nonresident, should be one, who has in his hand, the funds out of which that satisfaction may

[1] [Reported by Richard Peters, Jr., Esq.]

be had. There would seem to be a manifest injustice, that the plank upon which he might save himself, and upon which he may probably have relied, should be taken from him, and given to other creditors. If, however, such be the necessary construction of the law, the court must decide in conformity with it, however they may regret it. Generally speaking, there are three parties to a writ of foreign attachment. The plaintiff, or creditor, the defendant, or debtor; and the garnishee, who, in relation to the controversy between the plaintiff and defendant, stands very much in the situation of a stake holder. Between either of those parties, and himself, there is nothing adverse, unless he makes it so by his own conduct. It is perfectly immaterial to him, which of the parties succeeds. He is only to act bona fide, by discovering what property of the defendant is in his hands; and as he cannot himself, decide between the contending parties, he cannot deliver over the property to either, without the judgment of the court. The proceedings therefore against him, are merely auxiliary to the principal suit, and are intended to secure the end for which it is instituted. But if, from the nature of the case, the end can be obtained, without the use of all the means provided by the law; there would seem to be no impropriety, in employing such of them only, as would be necessary to arrive at the proposed object. Because the effect of the suit might be defeated, unless the plaintiff were armed with coercive measures against the garnishee; he certainly cannot be required to use those measures, whether they are necessary or not. The garnishee, therefore, being himself plaintiff in the writ of attachment, there can be no necessity for a summons, scire facias, interrogatories, or any other coercive process against him. If the officer returns, that he has attached the defendant, by certain property, which is specified; no reason is perceived, why the plaintiff may not proceed to obtain judgment, against the defendant, and after that, an execution, to be levied on the property attached; upon the plaintiff giving security, according to the requisitions of the law, to restore the same, if the defendant should, within the time prescribed, disprove or avoid the debt. If the plaintiff, instead of having property in his own hands, belonging to the defendant, is indebted to him, no necessity is perceived, for any further proceedings; since the money is already in his own hands, and the judgment against the defendant has ascertained the amount of his debt; unless, perhaps, it may be proper to enter a judgment, that the plaintiff have execution of the sum attached, and retain the same in his hands, as in the precedent, which will presently be referred to.

The mode of proceeding above suggested, where the plaintiff, in the attachment, has goods or effects in his hands, belonging to the defendant; seems to be fully warranted by the practice under the custom of London, where there is no garnishee, the effects not being in the actual possession of any person. In such a case, the plaintiff obtains a judgment against the defendant, by default, and an execution against the effects, upon which the attachment was laid. If the attachment be laid upon the lands of the defendant, which it is admitted may be done in this state, no other mode of proceeding can be pursued, there being in such case no garnishee. That a creditor may lay a foreign attachment, in his own hands, according to the custom of London, is clearly established, by the cases which will hereafter be referred to; and yet, the proceedings under the custom, are so nearly analogous to those provided by the laws of this state, that the objections stated at the bar, must equally exist there, as well as here. To the laudable industry of one of the plaintiff's counsel, Mr. Lewis, the court is indebted, for the gratification it has received, in inspecting the pleadings in a case, where a foreign attachment was laid in the hands of the plaintiff in the attachment, and the judgment pleaded in bar, to an action brought by the defendant in the attachment against the plaintiff.[2] It is to be found in Rast. Ent. p. 156, and is referred to by

---

[2] Paramore v. Pain, Cro. Eliz. 598. Copy of the record in the above case, taken from Rast. Ent. 156b, and referred to by Sergeant Danvers in his second volume, p. 313:.

"And the said W., by T. C. his attorney, comes, &c. and says, that the said J. A. and M., their action ought not, &c., because he says, that the city of London is an ancient city, within which there is, and from the time whereof the memory of man runneth not to the contrary, there hath been a custom, that if any bill of debt is levied, or affirmed by any persons in the court of the lord the king, before the mayor and aldermen of the city of London for the time being, in the chamber of the guildhall of the said city, according to the custom of that city; so that by virtue of that bill, any serjeant at mace of the said mayor, within the said city, and officer of the said court, do summon the persons named in the said bill, as defendants, to appear at the next court of the lord the king, in the chamber of the said guildhall, before the mayor and aldermen for the time being, there to be held, to answer the plaintiffs in the same bill, in the plea therein contained; and such serjeant shall certify to the court, there before the said mayor and aldermen, in pursuance of the said command, that the defendants in the said bill, have nothing within the liberty of the said city whereby they can be summoned; and such defendants shall make default in the said court, and thereupon it shall be alleged in the same court, before the said mayor and aldermen, by the plaintiffs in the same bill, that they themselves are, from any cause whatever indebted to such defendants in the sum of money in the said bill or plaint mentioned, or any part thereof; then on the prayer of the plaintiff in the said bill, such serjeant or minister of the said court, shall be commanded by the said court to attach the defendants in the said bill named, by the said sum of money in the hands and custody of them, the said plaintiffs, to be and appear at the next court of the lord the king in the hall aforesaid, there to be held before the mayor and aldermen of the said city, to answer the plaintiffs in the said bill, of the plea therein

Sergeant Danvers (volume 2, p. 313) as the pleadings in the case of Paramore v. Pain, Cro. Eliz. 598. See, also, Coke, Ent. 139b.

The plea in Paramore v. Pain, was, that the plaintiff was indebted to the defendant, in a sum equal to that for which this suit was brought; that he sued a plaint in London, and that this debt was attached in his hands, and so he pleads the said foreign attachment, and the judgment thereon, in bar. It appears by the pleadings above referred to, that the judgment so pleaded, was "that the plaintiff in the attachment should have execution of the sum so attached in his hands, as the same was attached, and that he should absolutely retain the same in payment and satisfaction of his debt, upon his giving security, &c." Whether such a judgment be necessary in this state, may be doubted, since there is no judgment rendered against the defendant in the attachment, according to the custom of London, and in this state there is. As to this, however, I give no opinion at present.

In the case of Coke v. Brainforth, Cro. Eliz. 830, the practice of attaching in the hands of the plaintiff, was again recognized; and the authority of these two cases, received the countenance of the court of king's bench, in the cases of Morris v. Ludlam, 2 H. Bl. 362. See, also, 3 East, 367; Law of Corporations, 226, 243; 4 Rolle, Abr. 554; 1 Com. Dig. 442; 7 Vin. Abr. 236; 2 Lutw. 1052, 4.

It is not perceived, that any injustice is done to the defendant in the attachment, or that the laws of the state of Pennsylvania or any general principle of law, are violated by this mode of proceeding. It is of no con-

contained; and if the said serjeant shall certify to the court there, before the mayor and aldermen of the said city for the time being, that he hath attached the defendants by that sum of money in the hands and in the possession of the plaintiffs of the plea in such plaint contained; and such defendants shall not appear, but make default at that court, and three other courts of the lord the king, before the mayor and aldermen of the city for the time being, in the hall aforesaid, then next, that is to say, at four such courts separately held, the plaintiffs in the same plaint, appearing at each of the said courts; then, at the last of the said four courts, in a case in which any sum of money, in the hands of the plaintiffs in the said bill or plaint named, by which the defendants are attached, shall be defended in form aforesaid; and it shall, on the petition of the plaintiffs, be adjudged by the same court, that the plaintiffs shall have execution of the said monies in their own hands, so as aforesaid defended, and that they shall absolutely retain the same monies in full payment of the debt in the said bill specified, or such part thereof as the sum so defended shall amount to; on sufficient sureties or pledges being given by the plaintiffs in the same court, to be answerable for the same, in the said bill specified, if the defendants shall, within a year and a day then next following, appear and exonerate themselves of the debt, in the said bill specified, and against them the defendants demanded or any part thereof, then, &c. And he says, that all the customs of the said city, for a long time used, were by the authority of a parliament of the Lord Richard the II. late king of England, after the conquest, held at Westminster, in the seventh year of his reign, ratified and confirmed to the then mayor and commonalty, of the said city of London, and their successors. And the said W. says, that he and a certain J. G., by the names of J. G. and H. D. of London, skinners, on the 5th day of December, in the ninth year of the reign of the lord the king, that now is, in the chamber of the guildhall in the city of London, situate in the parish, &c. in the same city, before J. T., now mayor and his associates, then aldermen of the said city, affirmed on certain bill of debt, upon demand dictarii, of fifteen pounds, against the said J. A. &c. and a certain W. W. by the names of W. W. and J. A., averring that they, the said W. and J. owed to the said J. G. and W. D., the said fifteen pounds; for that on the 30th day of September, in the eighth year of the reign of the lord the king that now is, in the parish, &c. the said W. W. and J. A. bought divers merchandise of the said J. G. and W. D., for the said sum of fifteen pounds, to be paid by the said W. W. and J. A. to the said J. G. and W. D., when, &c. which said fifteen pounds the said W. W. and J. A., to the said J. G. and W. D. have not yet paid, although often required, &c., to the damage of the said J. G. and W. D., one hundred shillings, and thereof they brought pledges, R. H. and R. D., to prosecute the bill aforesaid; and they thereupon prayed process, according to the custom of the said city, to be granted to them; and thereupon a certain J. B. one of the serjeants at mace of the said late mayor, was then and there, according to the custom of the said city, in the same court, commanded by the said late mayor and aldermen, to summon, according to the custom of the said city, the said W. W. and J. A. to be and appear in the said court of the lord the king, in the said chamber of the guildhall aforesaid, on the said 5th day of December, then next following, to answer according to the custom of the said city, the said J. G. and W. D. in the plea aforesaid, &c.; and afterwards, on the same 5th day, in the said court of the said lord the king, according to the custom of the said city, &c., it was certified by the said late serjeant, that the said W. W. and J. A., had nothing within the liberty of the said city, whereby, &c.; nor were they found therein, &c.; whereupon, it was according to the custom of the said city, alleged in the said court, by the said J. G. and W. D., that they were at that time, indebted to the said W. W. and J. A. in fourteen pounds, and it was thereupon, then and there ordered by the same court, on the prayer of the said J. G. and W. D., that the said late serjeant should, according to the custom of the said city, attach the said W. W. and J. A. by the said fourteen pounds, in the hands and custody of the said J. G. and W. D., and the same fourteen pounds in their hands should defend, according to the custom of the said city, to be at the court of the lord the king, in the said chamber, before the said late mayor and aldermen, on the same 5th day to be held, to answer to the said J. G. and W. D. in the same plea, &c. according to the said bill, &c.; and that what he should thereupon do, he should, on the same fifth day, there certify; in pursuance whereof, the said late serjeant, the said W. W. and J. A., by the said fourteen pounds attached, and the same in the hands and custody of the said J. G. and W. D., defended according to the custom aforesaid, as he was commanded: and thereupon the said J. G. and W. D., on the said fifth day, in the said court of the said lord the king, in their proper persons, in the plea aforesaid appeared, and the said W. W. and J. A. to the same court did not come according to the custom of the said city, but made the first default; whereupon day was given to the said J. G. and W. D. in the plea

sequence to the defendant whether a trial be had or not, for the purpose of ascertaining what effects of his, the plaintiff has in his hands; or, what is the amount of debt he owes, or even what effects are in the hands of the garnishee, where there is one. For if in the latter case, the garnishee cannot controvert the debt claimed by the plaintiff, by confessing himself to be a debtor to the defendant, or to have effects of his, in his hands, (which there is no doubt he may do, without danger to himself,) judgment goes against him, as a matter of course; although, without such judgment, he cannot deliver over the property or pay the debt to the plaintiff. In the former case, the plaintiff, who is quasi a garnishee, confesses effects in his hands, which he retains, in consequence of the judgment to satisfy his own debt; but

in this case, the defendant in the attachment is allowed, in an action against the plaintiff, to traverse the plea, and thus to contest the debt recovered in the attachment. In fact, the only protection of the defendant in either case, consists in the security to restore, which the plaintiff must give. Nor can it be said, that the law of this state is violated, because such of its provisions as are inapplicable to the case, are not pursued.

Upon the whole, this court feels itself authorized to sustain a foreign attachment, which is laid in the hands of the plaintiff; and I am satisfied, that in doing so, we not only fulfil the spirit and intention of the law, but sanction a practice both just and convenient. In this case, the demurrer must be overruled, and the plaintiff will be allowed to put in a replication, if he chooses so to do.

---

aforesaid, according to the custom aforesaid, to be in the court of the lord the king in the chamber of the guildhall aforesaid, before the said late mayor and aldermen, on the sixth day of ·December then next following, to be held, and the same day was given to the said W. W. and J. A., to be then and there according to the custom aforesaid, to answer to the said J. G. and W. D., in the same plea, &c.; at which day, to the said court, &c., before the said late mayor and aldermen, on the sixth day of December, in the said chamber of the guildhall aforesaid held, the said J. G. and W. D., in their proper persons, in the same plea appeared, and the said W. W. and J. A., to the same court, according to the custom aforesaid, did not come, but made a second default."

(As the proceedings respecting the third and fourth default, are the same with those respecting the second, they are omitted in the translation, except the recording of the fourth default, and the proceedings thereupon, which are as follows:)

"And the said W. W. and J. A., at the same court, according to the said custom, being solemnly called did not appear, but made the fourth default, and did not permit themselves to be justified by the said foreign attachment, according to the custom of the said city; and that after the said fourth default, the said J. G. and W. D., according to the custom of the said city, in the said court· of the lord the king, held before the said late mayor and aldermen, in the chamber of the guildhall aforesaid, on the 10th day of December, then next following, prayed execution of the said fourteen pounds, so as aforesaid in their hands and custody attached and defended, upon their finding sufficient sureties or pledges, according to the said custom, to answer to the said W. W. and J. A., if they should within a year and a day exonerate themselves of the said fourteen pounds, against the said J. G. and W. D., according to the custom of the city aforesaid; and because the said J. G. and W. D. then and there swore, that the said W. W. and J. A. were then indebted to them the said J. G. and W. D. in the said fifteen pounds, in the said bill mentioned, it was ordered by the said court, that the said J. G. and W. D. should have execution of the said fourteen pounds in their hands and custody, as the same were attached and defended; and that they should absolutely retain the said fourteen pounds, in part payment of the said fifteen pounds, and in full satisfaction of fourteen pounds, of the said fifteen pounds, upon the manucaption of J. S. and T. L. of the said city, to answer for the same, to the said W. W. and J. A., if within the said

year and day, they should come and exonerate themselves of the said fifteen pounds against the said J. G. and W. D., by whose default, the said J. G. and W. D., by the consideration of the said court, have execution of the said fourteen pounds attached and defended in their hands and custody, according to the custom of the said city, &c.; and the said W. D. says, that the said fourteen pounds, by the said J. A. and W. W., demanded as aforesaid, are the same fourteen pounds in manner aforesaid defended in the hands of the said W. D. and J. G. and not others or different; and that the said J. A. and W. W., in the bill aforesaid named, as well at the time of affirming the bill aforesaid, as at the time of issuing the said attachment, and also at the time of making the said attachment and of certifying the same, were indebted to the said W. D., and to the said J. G. in the said fifteen pounds, in the bill aforesaid mentioned, and that the said W. D. and the said J. G. are held and bound to the said J. A. and M., and to the said W. W. now deceased, in the said fourteen pounds, in the manner required of him, the said W., by the said writing obligatory here in court produced, and in the hands of the said J. G and W. D. as defendants aforesaid, upon which writing, the said J. A. and M. have declared against the said William, in form aforesaid, and which W. D., in the said bill named, is the same William, who is so bound by the said writing, and against whom and the said J., the said J. A. and M. have brought their aforesaid writ, and on the said writing have declared against each of them separately, demanding the said fourteen pounds, and · declaring on the same writing, against them separately here in court; and that the said M., at the time of the making of that writing, was the wife of the said J. A.; and the said W. further says, that the judgment and execution aforesaid, yet remain in full force and effect, in no wise revoked by the said J. A. and W. W., or either of them, and this he is ready to verify, wherefore he prays judgment, if the said J. and M., their action aforesaid against him ought to have, &c."

(There is a long replication, not denying the above mentioned custom, but avoiding it by pleading another custom, permitting a traverse of the debt, and issue taken thereon. A certiorari issued to the mayor and aldermen, to certify if there was such a custom, but it does not appear that any return was made to it. As this custom is not introduced into the act of assembly of Pennsylvania, it is not copied.)

Coke, Ent. 139b. See another precedent. of an attachment laid in the hands of the plaintiffs, pleaded in bar.